③
rl
4-23-0

IN THE UNITED STATES DISTRICT COURT FOR THE
_Middle_ DISTRICT of _Pennsylvania_

---

WILFREDO A. CORDERO SANCHEZ  )
INS N°. A24-493 498           )
                              )
            Petitioner        )
                              )   **1 : CV01-0698**
Vs.                           )
                              )   CASE N°. _____
THE INS DISTRICT DIRECTOR FOR )
_Philadelphia_____, PA.     )
                              )
            Respondent        )
                              )
---

### AFFIDAVIT of PETITIONER

To the honorable JUDGE of this COURT, The Petitioner WILFREDO A. CORDERO SANCHEZ, INS N°. A24-493 498, incarcerated at _U.S.P. Allenwood, W/O. Box 3000, White Deer, PA. 17887_____,
hereby declares and says the following:

1) I am an Alien who entered The United States lawfully from Guantanamo-Bay, Cuba by an U.S. Navy Airlift, which arrived in Miami International Airport around 12:00 A.M., On December 29-th, 1980. My entry was pursuant to section (207) of the Immigration and Nationality Act,(INA), sifra 8 USCA § 1157 which read as follow: in Section (207)(b), 8 U.S.C.A. 1157(b):

" If the president determines, after appropriate consultation, that (1) an foressen emergency refugee situation exists.(2) the admission of certain refugees in response to the emergercy refugee situation is justified by grave humanitarian concerns or is otherwise in the national interest, and (3) the admission to The United States of this refugees cannot be complished under subsection (a), The president may fix a number of

refugees to be admitted to the United States during the succeeding period (not to exceed twelve months) in response to......

....the emergency refugee situation and such admissions shall be allocated among refugees of special humanitarian concern to The United States in accordance with a determination made by the president after the appropriate consultation provided under this subsection."

This entry was permited with indefinate admission as a Refugee, ("see attachment "Entry "), such document certifies that I am not a Mariel-Cuban, as the District Director for: _Philadelphia_, wrongfully claimed into my INS records. He also claimed in order to justify to his concerned parties, my release from custody would create a danger to the community and I would be a flight risk. Now it is my question as to ( How can the District Director shall know that I am a danger to the community or a flight risk, without giving me the opportunity to prove and desmostrate that his decision and judgment is not based on truth of facts?, Has the District Director examined my behavioral conduct while I in custody at a maximun security institution where I am housed with violent and dangerous convicted criminals, who have "Life terms and even sentences of death?, Does the District Director value a single "discipline Reports in which case I was defending my-self from the violents inmates and onty protecting myself to avoid to being hurt or killed as a means to deny my Release from INS Custody?, Has the District Director explained to this Honor-able Court the reason He/She has not complied with the Constitu-tional law that says: "When detention is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justification for custody are not longer tenable. U.S.C.A. Const.Amends. 5, 14: INS Act, § 101 et seq., 8 USCA § 1101 et seq.

Futhermore, I believe that my continued detention as a Alien law-fully Admitted as a Refugee to enter The United Stated violet my due proceed rights, because not inquiry has been made to ascertain whether theat to the community and risk of flight by demostration, warranted continuation of abusable custody.

## BACK GROUND

On January 7th, 1987 seven years after my legally entry to The United States I was convicted for Attempted Murder in the second degree with firearm in violation of Florida statute, for which I was sentenced to Ten yeas, On March 30th, 1987 ( see attachment # 2, and 3)

While incarcerated I faced an Immigration judge who deported and excluded me from The United States On May 23rd, 1991 (see attachment Gov. Ex. H), Long before On October 23rd, 1987 I was viewed by an INS Patrol Agent who notified me that my "Parole" was revoked since ( see attachment N°. 3 )

On April 1st, 1994 I was released from my justificate custody to the custody of the I.N.S. which party still hold my freedom since then without giving the opportunity to demostrate to any concern parties that my fourteen years of rehabilitation behind bars would indicate that I am not longer a threat to any community or flight of risk ( see attachments "Teachers of the words of GOD" and " Labor Line Services" )

Therefore, I ask to this Honorable Court or Clerk of Court to grant me, whatever it deems fair in the motion before this Court a writ of Habeas Corpus against the Respondent, in order to move the respondent to reflect The United States Law's into the interest and benefit of the Aliens as well as their Equal Protection Rights.

I declare before this Honorable Court under the penalty of perjury that the foregoing affidavit is true and correct to the best of my knowledge.

Signed in this _19_ day of _April_ , 200_1_.

_____
Petitioner

3 of 7

"ENTRY"

444



**WARNING**
A nonimmigrant who accepts unauthorized employment is subject to deportation.

**IMPORTANT**
Retain this permit in your possession; you must surrender it when you leave the U.S. Failure to do so may delay your entry into the U.S. in the future.

ADMISSION NUMBER
~~995-04007186~~

INDEF. 207
ADMITTED AS A
REFUGEE PURSUANT TO
SEC. 207 OF IN ACT
EFT 03-08-85 #4
DUPLICATE
pm 12-29-80 min

8. FAMILY NAME (SURNAME) (same as Family Name in Item 1 above)
CORDERO-SANCHEZ

FIRST (GIVEN) NAME (same as First Name in Item 1 above)
WILFREDO AGUSTIN

9. DATE OF BIRTH (same as Item 2)
DAY | MO. | YR.
13 | 09 | 56

10. COUNTRY OF CITIZENSHIP (same as Item 3 above)
CUBA

SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

U.S. IMMIGRATION AND NATURALIZATION SERVICE
I-94 DEPARTURE RECORD (Rev. 1-1-83)N

A24 493 498

(f) *Form I-94, Arrival Departure Record.* (1) Unless otherwise exempted, each arriving nonimmigrant who is admitted to the United States shall be issued, upon payment of a fee prescribed in §103.7(b)(1) of this chapter for land border admissions, a Form I-94 as evidence of the terms of admission. A Form I-94 issued at a land border port-of-entry shall be considered issued for multiple entries unless specifically annotated for a limited number of entries. A Form I-94 issued at other than a land border port-of-entry, unless issued for multiple entries, must be surrendered upon departure from the United States in accordance with the instructions on the form. Form I-94 is not required by:
(i) Any nonimmigrant alien described in §212.1(a) of this chapter and 22 CFR 41.33 who is admitted as a visitor for business or pleasure or admitted to proceed in direct transit through the United States;

**IMPORTANT NOTICE**
You are authorized to stay in the U.S. only until the date written on this form. To remain past this date, without permission from immigration authorities, is a violation of law.

**SURRENDER THIS PERMIT WHEN YOU LEAVE THE UNITED STATES**
- *By sea or air,* to transportation line.
- *Over Canadian border,* to Canadian Official.
- *Over Mexican border,* at the designated location.

RECORD OF CHANGES
_____
_____
_____
_____
_____

DEPARTURE RECORD
Port:
Date:
Carrier:
Flight No./Ship Name

A24 493 498

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF PRISONS

Voucher No. 2748

**Request for Withdrawal of Inmate's Personal Funds**

U.S. Department of Justice, P.O. Box 1000, Lewisburg, PA. 17837   June 14,/00
(Name of Institution and Location)   (Date)

Please charge to my account the sum of   $221.-- | 00   ... and authorize the same to
Dollars | Cents

be paid to: Antillas Express, 9632 Charton Ave.
(Payee)   (Street Address)

Montreal, Cana Canada, H2B 2C5 - To help my sister, Violeta in Cuba.-
(City)   (State)   (Zip)   (Purpose)

The inmate's personal account has been charged in the amount indicated above   (Signature of Inmate)   #05600 - 007 (Register No.)

B Shally 06/22/00     4-3   W. [illegible]
(Commissary Clerk)   (Approving Official)

Paid by cash on _____, 19__,
USP LVN   Previous editions not usable   (Payee's Signature)   BP-199(45) October 1979
**INMATES DUPLICATE COPY**

---

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF PRISONS

Voucher No. 3145

**Request for Withdrawal of Inmate's Personal Funds**

U.S. Dept. of Justice, P.O. Box 1000 Lewisburg, PA. 17837   08/03/00
(Name of Institution and Location)   (Date)

Please charge to my account the sum of   $329.-- | 00   ... and authorize the same to

be paid to: Antillas Express, 9632 Charton Ave. Montreal, Canada H2B 2C5
(Payee)   (Street Address)

Montreal, Canada, H2B 2C5 (To help my sister Violeta Schez)
(City)   (State)   (Zip)   (Purpose)

The inmate's personal account has been charged in the amount indicated above   (Signature of Inmate)   #05600-007 (Register No.)

B Shally 08/07/00   4-3   [illegible] 8/3/00
(Commissary Clerk)   (Approving Official)

Paid by cash on _____, 19__,
USP LVN   Previous editions not usable   (Payee's Signature)   BP-199(45) October 1979
**INMATES DUPLICATE COPY**

---

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF PRISONS

Voucher No. 0262

**Request for Withdrawal of Inmate's Personal Funds**

U.S Department of Justice P.O. Box 1000 Lewisburg PA 17837 - Oct 22 2000
(Name of Institution and Location)   (Date)

Please charge to my account the sum of   $545 | 00   ... and authorize the same to

be paid to: Antillas Express   9632 Charton Ave
(Payee)   (Street Address)

Montreal, Canada H2B 2C5 (To help My Sister, Violeta Sanchez
(City)   (State)   (Zip)   (Purpose)

The inmate's personal account has been charged in the amount indicated above   (Signature of Inmate)   #05600-007 (Register No.)

B Shally 11/01/00   10/22/00  [illegible]
(Commissary Clerk)   (Approving Official)

Paid by cash on _____, 19__,
USP LVN   Previous editions not usable   (Payee's Signature)   BP-199(45) October 1979

Cordero-Sanchez   **INMATES DUPLICATE COPY**

WILFREDO AGUSTIN CORDERO SANCHEZ

USP # 05600 - 007

P.O. Box 1000

LEWISBURG, PA. 17837


TO: ANTILLAS EXPRESS

9632 CHARTON Ave.

MONTREAL, CANADA

H2B 2C5


RE: TO SEND # 200.00 dollars TO MY FAMILY IN NEEDS THROUGH YOUR AGENCY.


DEAR CONCERN, I WOULD LIKE TO SEND THE SUM OF $200.00 DOLLARS TO MY SISTER VIOLETA SANCHEZ RODRIGUEZ OR YUSMIEL SANCHEZ RODRIGUEZ, MY NEPHEW-SON WHICH LIVE IN ; Ave. 51, # 6403 e/ 64 y 66, SAN NICOLAS DE BARIS, LA HABANA, CUBA, WITH THE PURPOSE TO HELP THEM ECONOMICA--LLY.

IN HOPE THAT YOUR AGENCY MAKE TRUE MY WILL I WILL BE GLAD TO BE PART OF YOUR FAMILIES IN THIS CONCERN, ( CUSTOME ).

RESPECTFULLY YOURS  FRIENDLY,

*[signature]*

WILFREDO AGUSTIN CORDERO SCHEZ.

ON THE JUNE 14, 2000



**U.S. Department of Justice**

Immigration and Naturalization Service
Philadelphia District

*1600 Callowhill Street*
*Philadelphia, PA 19130*

Wilfredo Agustin Cordero
York County Prison
3400 Concord Road
York, PA 17402

RE: Parole Request, Wilfredo Agustin Cordero A24 493 498

JUN 15 1998

Dear Mr. Cordero:

Reference is made to your request for parole dated April 10, 1998. After a careful review of your record and concerns addressed in your letter, I am denying your request for parole.

You were admitted on December 29, 1980 as a refugee pursuant to Section 207 of the Act. On March 30, 1987 you were convicted by the Circuit Court of Monroe County Florida for the crime of Attempted Murder in the Second Degree with a firearm. For that crime you were sentenced to a term of ten years imprisonment. On October 23, 1987, you were charged as being inadmissible under Section 212(a)(9) of the Immigration and Nationality Act (currently designated as §212(a)(2)(A)(i)(I)) of the Act), for having been convicted of a crime of moral turpitude, to wit, Attempted Murder in the Second Degree with a Firearm. Your were also charged as being inadmissible because you failed to have a valid immigrant visa or entry document when you arrived in the United States in 1980. On May 23, 1991 you appeared before an Immigration Judge. At that time, you were found excludable and you were ordered deported from the United States. Detention of aliens not clearly entitled to admission is mandated by Section 235(b) of the Act. Release of aliens in exclusion proceedings is within the sole discretion of the District Director under 8 C.F.R. §212. 5(a).

The foundation of your request for parole is based upon the assertion that you are no longer a danger to the community because your conviction was an isolated incident. You also claim that you have changed your life while in prison. This is not outweighed by the fact that in addition to the conviction previously referenced, you have convictions for Resisting Arrest with Violence, Disorderly Conduct, Disrespect to the U.S. Flag and

Assault on a Law Enforcement Officer. You also have other arrests dating back to 1987 and a history of disciplinary problems during your detention. Based upon your criminal convictions and frequency and nature of your arrests, it is deemed that you present a continuing danger to the safety of the public and community.

In light of the above and after reviewing the facts of this case, I have considered whether you should be paroled under other regulations or policies. However, I can find no provision which would provide for your release, nor is there any information in your letter upon which I can conclude that your continued detention is not in the public interest. Furthermore, you have not demonstrated that your release is of urgent humanitarian reasons or significant public benefit as outlined in §212(5)(A) of the Act. Therefore, I have determined that you will remain in custody.

Very truly yours,

*Scott Blackman*
Scott Blackman
District Director

TO SERVE YOU MORE EFFICIENTLY we are replying to your letter by providing a response to inquiry form. This informal method enables a more prompt response. We trust you will agree that a faster response is more important that formality. No record has been made of this correspondence and should you write again concerning the same matter, please return that attached correspondence.

HQOPS 50/12

JUN 1 9 1999

Re: Wilfredo Agustin Cordero-Sanchez

    Reference is made to your recent correspondence to the Immigration and Naturalization Service (INS). In that letter you request your release from INS custody.

    On July 22, 1998, your case was reviewed at the discretion of the District Director in Philadelphia. On that date, it was determined your continued detention was mandated and you would not be eligible for release.

    I hope this information is of assistance to you. If you have questions in relation to your case, please direct them to: J. Scott Blackman, District Director, USINS, 1600 Callowhill Street, Philadelphia, PA 19130.

    Sincerely,

David Venturella
Acting Assistant Commissioner
Detention and Deportation
Office of Field Operations

M-180

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

**ATTACHMENT # 2**

STATE OF FLORIDA

VS.

Cordero, Augustin

IN THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA
CO/CIRC COURT DIVISION

MAGISTRATE NUMBER F00091

CASE NUMBER _____

The following are hereby notified that the above cause is set down for hearing before the Honorable Judge
R. J. Fowler on 27 JAN, 1986 at 0830 (a.m./p.m.)

**TYPE OF HEARING**

Arraignment ☑
Hearing ☐
Disposition Conference ☐
Trial by Jury ☐
Trial by the Court ☐
Sentence ☐

**LOCATION**

☑ Monroe County Courthouse Annex
500 Whitehead Street
Key West, Florida
(305) 294-4641

☐ Branch Courthouse
310 Fleming Street
Key West, Florida
(305) 294-4641

☐ Branch Courthouse
3117 Overseas Highway
Marathon, Florida
(305) 743-9036

☐ Branch Courthouse
88½ Mile Marker
Plantation Key, Florida
(305) 852-9253

PLEASE BE GOVERNED ACCORDINGLY.

State Attorney ☐    Bondsman _____
I certify that copies of this notice were furnished to: Defendant ☑    Attorney _____
by mail or delivered this 7 day of JAN, 19 87.

I ACKNOWLEDGE RECEIPT OF THE FOREGOING NOTICE AND DO HEREBY CERTIFY THAT MY MAILING
ADDRESS IS 527 Cross St.
Key West, FLA. 33040

AND THAT I WILL ADVISE THE CLERK IN WRITING OF ANY CHANGE OF MY ADDRESS.

SIGN _____
DEFENDANT

WILLIAM A. FREEMAN, JR.
(SHERIFF)
By C/C Madison    Date 1-7-87
Booking Officer

DANNY L. KOLHAGE
(CLERK OF THE CIRCUIT COURT)
By _____    Date _____
Deputy Clerk

Note: Any questions concerning above please call or come to the above indicated location.
File - White Copy    Defendant - Green Copy    Attorney - Yellow Copy    Bondsmen - Pink Copy    State Attorney - Gold Copy    CCC-808

---

STATE OF FLORIDA

VS.

Augustin Cordero

IN THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA
FELONY COURT DIVISION

MAGISTRATE NUMBER F00091A01
CASE NUMBER 87-80CF

The following are hereby notified that the above cause is set down for hearing before the Honorable Judge
Richard A. Fowler on MARCH 30, 19 87 at 10:45 a.m./p.m.

**TYPE OF HEARING**

Arraignment ☐
Hearing ☐
Disposition Conference ☐
Trial by Jury ☐
Trial by the Court ☐
Sentence ☑

**LOCATION**

☑ Monroe County Courthouse Annex
500 Whitehead Street
Key West, Florida
(305) 294-4641

☐ Branch Courthouse
310 Fleming Street
Key West, Florida
(305) 294-4641

☐ Branch Courthouse
3117 Overseas Highway
Marathon, Florida
(305) 743-9036

☐ Branch Courthouse
88½ Mile Marker
Plantation Key, Florida
(305) 852-9253

PLEASE BE GOVERNED ACCORDINGLY.

State Attorney ☑    Bondsman JAIL
I certify that copies of this notice were furnished to: Defendant ☑    Attorney P.D.
by mail or delivered this 12 day of MARCH, 19 87.

I ACKNOWLEDGE RECEIPT OF THE FOREGOING NOTICE AND DO HEREBY CERTIFY THAT MY MAILING
ADDRESS IS _____

WILLIAM A. FREEMAN, JR.
(SHERIFF)
By _____    Date _____
Booking Officer

DANNY L. KOLHAGE
(CLERK OF THE CIRCUIT COURT)

AND THAT I WILL ADVISE THE CLERK IN WRITING OF

| | Date 10/23/87 | № 3 |

A24 493 498

TO: Immigration Judge

| Name (Last in CAPS) | First | Middle |
|---|---|---|
| CORDERO-SANCHEZ, | WILFREDO | AUGUSTIN |
| Date of arrival | Port of arrival | |
| 12/29/80 | MIAMI, FLORIDA | |
| Manner of arrival (name of vessel, airline, flight no. etc.) | | |
| PLANE; which means that I am not a " MARIEL CUBAN " | | |

The above named person arrived at this port on the date and in the manner shown above and applied for admission as <u>a parolee pursuant to Section 212 (d)(5) of the Act.</u>

In accordance with Section 235(b), I & N Act, (s)he has been detained for further inquiry. Applicant may be excludable under Section 212(a) (<u>9</u>), I & N Act because he was convicted in Circuit Court, in and for <u>MONROE</u> County, Florida on 3/30/87 for **ATTEMPTED MURDER in 2 degree with firearm** in violation of Florida Statutes: <u>777.04(4)</u>_____. He is an alien not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document as required by the Acy.

Applicant made an admission against interest by stating



Applicant _____ applied for the exercise of discretion under
       (has, has not)
<u>Section 208</u>_____.
(Sec. 212(c), Sec. 212(d) (3))

| Examining Immigration Officer |
|---|
| F. S. Price |
| Title |
| Border Patrol Agent |

ATTACHMENTS:

[X] Form I-122 (copy)
[ ] Passport
[ ] Visa                          [ ] Interpreter needed _____
[ ] Form I-94                                                   (Language)
[ ] Applicant's sworn statement   [ ] Admission under bond not authorized
[X] Other (specify)               [ ] Required bond not furnished
       /
       Attachment

Form I-110
(Rev. 6-1-73) N                                          GPO 862-736



Immigration    Naturalization Service

7030 Biscayne Blvd.
Miami, Florida 33138

A# 24 493 498

10/23/87

Dear Sir/Madam:

This is in regards to the parole pursuant to Section 212(d)(5) of the Immigration and Nationality Act granted to you at MIAMI, FLORIDA on 12/29/80.

Be advised that your continued parole is determined to be against the public interest.

It is hereby directed that your parole be, and hereby is, revoked pursuant to regulations issued by the Attorney General under 8 CFR 212.5(b)(2), and that you be taken into the custody of this Service pending exclusion proceedings.

Sincerely,

Perry A. Rivkind
District Director

Service by personal delivery on ___10/23/87___
                                      (Date)

F. S. Price, BPA
(Immigration Officer)

GOVERNMENT EXHIBIT E

File No. A 24-493-498

UNITED STATES OF AMERICA:  UNITED STATES DEPARTMENT OF JUSTICE

United States Immigration Court

In the Matter of

Wilfredo (Agustin) Cordero ) In Exclusion Proceedings Under Section
) 236 of the Immigration and Nationality
) Act (9 U.S.C. 1226)
)
Applicant )

## DECISION OF THE IMMIGRATION JUDGE

Upon the basis of applicant's admissions I have determined that he is excludable on the charge(s) in the Notice for Hearing.

ORDER: IT IS ORDERED that applicant be excluded and deported from the United States.

Copy of this decision has been served upon applicant.

Appeal: Waived--~~Reserved~~

DATE May 23, 1991
PLACE Punta Gorda, Fla

_____
Immigration Judge

GOVERNMENT EXHIBIT H

Date:  7 July 2000

To:    Cuban Review Panel, U.S. Immigration and Naturalization Service
       USP Lewisburg, PA.

RE:    WILFREDO AGUSTIN CORDERO, Prisoner of INS #05600-007
       Federal Prison - Lewisburg, PA.

Since 1998, we have taught correspondence Bible studies to Mr. Wilfredo Agustin Cordero, imprisoned by the Cuban Review Panel of the U.S. Immigration and Naturalization Service. Because of his endurance and diligence in studying with us and his exemplary behavior, we created a moral and sentimental bond with Wilfredo as family members.

Wilfredo has identified himself to us through his various documents, including certificates, Diplomas, reports of his Technical and Education courses, high recommendations of his work supervisors, and, especially, his Certificates and Diplomas from the Christian schools attended. INS has all these documentation. All of these documents give high credit to Wilfredo as a Christian citizen with sound integrity that deserves to have his liberty. (He has sent his picture to us.)

Wilfredo is now 45 years of age. His Court sentence was fulfilled in 1994, but the Immigration and Naturalization Service refuses to release him. Therefore, Wilfredo Agustin Cordero remains in Federal Prison only because he is a Mariel Cuban.

Because of our bond with and trust in Wilfredo, we not hesitate to sponsor him: assisting him to get a job, find his own place to live, and become acculturated into our society. Our church could offer him employment as we are expanding our ministry, but this decision would be his to make.

We hope that the Cuban Review Panel will consider Wilfredo Agustin Cordero's case and consider our petition. We have not taken this stand without much thought and prayer. Wilfredo made mistakes thirteen years ago and has paid and repenting for them. He wishes now to move along in his life. To continue imprisoning such a person is contrary to the rehabilitative modality of the American Penal System as well as an injustice to the caring and righteous Cuban population in this country.

We petition, therefore, the Cuban Review Panel to exercise your authority with justice and grant WILFREDO AGUSTIN CORDERO his freedom. As his sponsors, we would take moral and legal responsibilities for him until he can rebuild his own life. Your action would help to right the wrongs perpetrated upon the MARIEL CUBANS simply because of their ethnicity and time in history.

Thank you for considering this matter.

*Robert C Beckett*    *Gloria C. Beckett*

Consultant and

**TEACHERS OF THE WORD OF GOD**
Robert & Gloria Beckett
7739 Balla Court
Richmond, VA 23228
(804) 747-9421



September 12, 2000

TO WHOM IT MAY CONCERN:

Inmate Wilfredo Agustin Cordero, USP #05600-007, currently incarcerated at the U. S. Penitentiary in Lewisburg, PA, is seeking our assistance in finding employment and temporary shelter upon his release from immigration detention. As a former inmate worker for PRIDE Enterprises, Florida's state correctional industries program, Cordero continues to qualify for job placement and other post-release support services upon his release. Labor Line Services, on contract with PRIDE Enterprises, provides these services at no cost to the participant.

Through his training and work experiences in a PRIDE industry, inmate Cordero learned work skills that should enhance his opportunities for developing a career track once he returns to the Florida community. As important, PRIDE provided him an opportunity to develop a work ethic while working for the company and to learn other basic occupational skills demanded by today's employers.

Labor Line Services, as an agent of PRIDE, is prepared to assist inmate Cordero with his Florida employment needs upon notification of his release. Please feel free to contact this office if you have any questions on the matter.

Sincerely,

Timothy J. Mann, Ph.D.
General Manager

12425 28th Street North | Suite 105 | St. Petersburg, FL 33716 | Phone: (727) 217-7075 | Fax: (727) 217-7085 | www.laborline.net